IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

THELMA WILLIAMS, JR.,
ADC #93197                                                                                    PLAINTIFF

v.                                          5:07CV00180JMM/HLJ

BROOKS PARKS, et al.                                                                   DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.   Why the record made before the Magistrate Judge is inadequate.

2.   Why the evidence proffered at the hearing before the District
     Judge (if such a hearing is granted) was not offered at the
     hearing before the Magistrate Judge.

> 3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite 402
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I. Introduction

This matter is before the Court on defendants' motion to dismiss (DE #39). Plaintiff filed responses to the motion (DE ##45, 48, 49), and defendants filed a reply (DE #55). By Order dated December 19, 2007, this Court stated it was construing defendants' motion as one for summary judgment and provided the parties an additional opportunity in which to submit evidence, affidavits or briefs in support of their positions (DE #58). Plaintiff then filed a motion to amend order (DE #60), which the Court further construes as a response to the December 19, 2007 Order.

Plaintiff is an inmate confined at the East Arkansas Regional Unit of the Arkansas Department of Correction (ADC). He filed this action pursuant to 42 U.S.C. § 1983 against defendants, alleging constitutional violations. Specifically, plaintiff alleges he was falsely accused by a fellow inmate of rape in May, 2007, and defendants Ball and Brooks denied his due process rights during the course of their investigation into the allegations, by failing to permit plaintiff to

review the photo-spread used to identify him, or to call witnesses in his defense. Plaintiff also alleges defendants denied his request for a polygraph test, denied him access to the law library, and failed to promote him in class. As a result of the rape allegations against him, plaintiff was later charged with a disciplinary violation, which plaintiff alleges was filed beyond the time period permitted and, therefore, in violation of due process. Plaintiff also alleges his rights were violated because the disciplinary charge was based on a lie by another inmate. Finally, plaintiff alleges defendants Glass and Lamb violated his Eighth Amendment rights by shaping their hands as if they were firing guns at him. Plaintiff alleges these violations caused him pain and suffering, problems, cruel and unusual punishment, and he asks for damages, a transfer from administrative segregation, and removal of information related to the rape from his inmate jacket.

## II.  Summary Judgment Motion

A.  Defendants' Motion

In support of their motion, defendants state plaintiff's complaint should be dismissed for the following reasons: 1) plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e; 2) plaintiff's allegations against defendants Ball and Brooks fail to state a constitutional claim, because an inmate has no due process right to participate in an internal ADC investigation or be given a polygraph examination; 3) plaintiff fails to state a claim based on the alleged false disciplinary charges filed against him and "some evidence" existed to support his disciplinary conviction; 4) defendant Ball's alleged failure to follow ADC policy requiring the filing of disciplinary charges within ten days of an incident, fails to support a constitutional violation; 5) plaintiff's classification claim must fail since an inmate does not have a constitutional right to a particular classification level; 6) verbal threats of bodily harm are not

actionable under § 1983; 7) defendant Harris' alleged mislabeling and denial of plaintiff's grievances fails to state a claim; 8) plaintiff's complaint should be dismissed based on res judicata or collateral estoppel because some of the claims asserted were previously asserted in another lawsuit; 9) plaintiff is not entitled to damages for emotional distress; 10) plaintiff's allegations based on his disciplinary violation are barred because they imply the invalidity of his sentence, pursuant to <u>Sheldon v. Hundley</u>, 83 F.3d 231 (8th Cir. 1996) and <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994); and 11) defendants are protected from liability by qualified immunity.

B.  Plaintiff's Responses

In his responses, plaintiff states defendants violated his rights during the investigation of the rape allegations against him because they did not provide counsel on his behalf, did not share their investigative file with him and denied his request for a polygraph test. Plaintiff also alleges he was denied the right to cross-examine witnesses at his disciplinary hearing because he was not permitted to question the inmate who filed the rape charges against him. Plaintiff alleges defendants caused him actual injury and their interference with his rights was deliberate and malicious.

C.  Defendants' Reply

In reply, defendants state plaintiff's due process rights were not violated in the disciplinary hearing, because he was given notice, a hearing, and an opportunity to be heard, as required by <u>Wolff v. McDonnell</u>, 418 U.S. 539 (1974). Defendants also state <u>Wolff</u> does not require that inmates cross-examine and confront all witnesses against him.  In addition, defendants state plaintiff's conviction was supported by "some evidence", citing <u>Sprouse v. Babcock</u>, 870 F.2d 450 (8th Cir. 1989). With respect to the internal investigation conducted at the Unit, defendants further state plaintiff does not have a constitutional right to be provided a polygraph examination or legal

assistance.

D. Standard of Review

Pursuant to Fed.R.Civ.P. 56(c), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Dulaney v. Carnahan, 132 F.2d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials of allegations in the pleadings; rather, the non-movant must set forth specific facts showing that there is a genuine issue for trial." Id. at 1135. Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

E. Analysis

1) Internal investigation - plaintiff alleges he was denied the right to counsel and the right to confront witnesses against him during the course of an internal investigation into allegations he raped another inmate. Plaintiff does not allege criminal charges were filed against him and he does not indicate the results of the investigation, other than that disciplinary charges were filed against him. In United States v. Gouveia, 467 U.S. 180, 187, 192 (1984), the Court held a prisoner's right to counsel does not attach until at or after the initiation of adversarial judicial proceedings against him. In that particular case, the Court held a prisoner suspected of murder did not have the right to counsel

at the time he was placed in administrative segregation when he had not yet been charged with a crime.

In addition, an inmate does not have a constitutional right to be given a polygraph examination. Freitas v. Auger, 837 F.2d 806, 812 n.13 (8th Cir. 1988). See also Hester v. McBride, 966 F.Supp. 765 (N.D.IN 1997). Plaintiff also does not provide any support for his allegation that he was entitled to view the photo spread shown to the inmate accuser. Therefore, the Court finds plaintiff fails to support his allegations of constitutional violations in connection with the internal rape investigation.

2) Disciplinary hearing - plaintiff alleges the rape disciplinary charge filed against him was false, and he was denied due process in the hearing. Specifically, plaintiff alleges ADC policy was violated when defendant Ball failed to file the disciplinary charge against him within ten days of the alleged incident. In addition, plaintiff alleges at the disciplinary hearing he was denied the right to cross- examine the inmate who filed the charges against him.

Initially, the Court notes that violation of an ADC policy does not constitute a constitutional violation. Kennedy v. Blankenship, 100 F.3d 640, 643 (8th Cir. 1996). In addition, the due process requirements for disciplinary proceedings as set forth in Wolff, supra, include: twenty-four hours' written notice to the prisoner of the charges against him; the right to appear in person before the hearing body; the right to call witnesses and present documentary evidence, and a written statement of the reasons for the disciplinary action taken. In this particular case, according to the record of the disciplinary violation charge filed against plaintiff (DE #39, Ex. R), plaintiff received notice of the rape charges on May 21, 2007, and the hearing was conducted on May 23, 2007. At that time, plaintiff was provided the opportunity to present a statement after which time the hearing officer

accepted the staff statement as evidence against plaintiff.[1]  A written statement of the reasons for the decision was included with the violation/hearing action report.  Therefore, plaintiff's due process rights were not violated during the hearing.  Furthermore, as noted by defendants above, an inmates' due process rights are not violated if some evidence supports the decision of the disciplinary board.  See Superintendent, Mass. Corr. Institution, Walpole v. Hill, 472 U.S. 445, 455 (1985).

Finally, the Court also notes that the filing of a false disciplinary charge is not itself actionable under § 1983, Dixon v. Brown, 38 F.3d 379 (8th Cir. 1994), and that in order to file a § 1983 claim based on the filing of a false disciplinary charge, a prisoner must show favorable termination prior to bringing suit.  Barker v. Scheere, 1998 WL 101924 (N.D.Tex. 1998).  In this particular case, according to the exhibits presented by the defendants, plaintiff's disciplinary conviction was upheld on appeal by the Unit Warden, and the ADC Director.

To the extent that plaintiff is challenging his disciplinary conviction, the Court also finds that this case falls within the context of Edwards v. Balisok, 117 S.Ct. 1584 (1997), and Heck v. Humphrey, supra.  In Balisok, supra, the Court held that the plaintiff in that action could not pursue a section 1983 claim for declaratory relief and money damages based on allegations that prison officials used the wrong procedures in a disciplinary action which resulted in his loss of good time credits.  The Court held that even though plaintiff did not allege that the prison officials reached the wrong result in their proceedings, the nature of the challenge to the proceedings could be "such as necessarily to imply the invalidity of" those proceedings.  117 S.Ct. at 1587.  The Court also held

---

[1] The staff report also included a written report summarizing the results of a polygraph test given the inmate accuser, which concluded truthful responses to questions concerning the incident involving plaintiff.

that its decision was not affected by the fact that plaintiff did not seek credit for the loss of goodtime. In the earlier case of Heck v. Humphrey, the Supreme Court held that if a judgment in favor of a prisoner in an action under 42 U.S.C. § 1983 would necessarily imply the invalidity of the conviction, continued imprisonment, or sentence, then no damages claim lies unless the conviction or sentence is reversed, expunged, or called into question by a state tribunal or federal court. See also Sheldon v. Hundley, supra, 83 F.3d 231.

In this particular case, plaintiff is challenging both the disciplinary procedures and the results in his complaint. He specifically alleges that his due process rights were violated in the hearing, which resulted in a sentence to punitive isolation and a reduction in his class. A challenge to both the results and procedures used in the disciplinary hearings would necessarily imply the invalidity of the those violations and resultant punishments.

3) Classification - plaintiff in this very general assertion merely alleges defendant Luckett refused to promote his classification level. However, an inmate does not have a constitutional right to a particular classification in prison. The United States Supreme Court held in Moody v. Daggett, 429 U.S.78, 88 n.9 (1976), that federal prisoner classification was delegated to the discretion of prison officials and implicates "no legitimate statutory or constitutional entitlement sufficient to invoke due process." See also Olim v. Wakinekona, 461 U.S. 238, 245 (1983), and Strickland v. Dyer, 628 F.Supp. 180 (E.D.AR 1986). Furthermore, in Sandin v. Connor, 515 U.S. 472, 484-7(1995), the Supreme Court held that inmates do not possess a due process liberty interest in freedom from administrative or punitive segregation.

In this particular case, plaintiff does not specify the conditions of his confinement, or allege his incarceration was atypical or significant, such to deprive him of due process as noted in Sandin,

supra. Therefore, the Court finds no constitutional violation with respect to plaintiff's alleged denial of class.

4) Threats - plaintiff alleges his rights were violated when defendant Lamb gestured with his hands as if he were shooting at plaintiff. However, verbal threats and name calling are not constitutional violations actionable under § 1983. See Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985). Therefore, the Court finds these allegations also fail to support a constitutional violation.

### III.  Conclusion

In conclusion, the Court finds no material dispute of fact concerning plaintiff's allegations against defendants, and that defendants are entitled to judgment as a matter of law on plaintiff's claims against them. Accordingly,

IT IS, THEREFORE, ORDERED that defendants' motion to dismiss, which this Court construes as a motion for summary judgment (DE #39) is hereby GRANTED, and plaintiff's claims against defendants are dismissed with prejudice. The Court further finds this dismissal should constitute a "strike" within the meaning of the PLRA, 28 U.S.C. § 1997(g).[2]

IT IS SO ORDERED this 28th day of January, 2008.

*Henry L. Jones, Jr.*
United States Magistrate Judge

---

[2] This dismissal may be considered as a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C § 1915(g), which provides that a prisoner may not file an in forma pauperis civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.